## SIDEWALK IMPROVEMENTS UNDER THE MUNICIPAL CODE.

[Circuit Court of Wood County.]

ARSULA WESTENHAVER v. THE VILLAGE OF HOYTSVILLE.

Decided, November 25, 1905.

*Sidewalks—Alternative Procedure for the Construction of—Special Ordinance not Necessary—Presumption as to Benefits—Burden of Establishing Irregularities in Procedure—Discretion of Municipality as to Ordering Improvement—Injunction—Provision for Assessment of Costs.*

1. In the construction of sidewalks, municipalities are not confined to the mode of procedure provided under Section 50 *et seq.* of the municipal code, but they may proceed in the summary manner provided in Section 70 *et seq.*

2. A special ordinance for the construction of a specific sidewalk is not required, where a general ordinance for the construction of sidewalks has been theretofore enacted.

3. There is no requirement that council shall ascertain in any way that land upon which it is proposed to impose a sidewalk assessment has been benefited by the improvement, but the mere fact that the land abuts on the improvement may be taken as evidence of benefit.

4. In an action to enjoin the collection of a sidewalk assessment on the ground of irregularities of procedure, the burden is upon the plaintiff to point out and establish irregularities warranting the setting aside of the assessment.

WILDMAN, J. (orally); PARKER, J., and HAYNES, J., concur.

The claims of the plaintiff in this case, which is an appeal from the Court of Common Pleas of Wood County, are stated

in the amended petition. Many of the facts in the case are not disputed. The village of Hoytsville is a municipal corporation in this county, and it appears by the pleadings, evidence and concessions that a sidewalk has been constructed along the east side of property, owned at the institution of this suit by the plaintiff, and that she has been assessed for its cost. Believing the assessment to be invalid, she declined to pay it, whereupon a penalty was imposed, and upon its being certified to the auditor she instituted this suit to enjoin the collection of the assessment and penalty, amounting to $204.12. The case involves a question of so much importance, as affecting improvements of this character in other municipalities over the state, that it would be interesting and perhaps profitable to consider in some detail the authorities which have been cited in argument. The case may, however, be very briefly disposed of by an announcement of the construction which we have placed upon the statute under which the improvement was made.

In the year 1902, in an extraordinary session of the Legislature, a new municipal code was adopted, and among other matters therein treated provision was made for improvements of this kind. In 96 O. L., 39, we have Section 50 (Revised Statutes, 1536-210) and other sections provided for the improvements of streets, alleys and public roads in various ways, · including among such improvements the construction of sidewalks. The petition herein is based upon the theory that this sidewalk could properly be constructed and the costs thereof provided for, so far as the assessing of property owners was concerned, in no other manner than by application of the provisions of Section 50 and those immediately succeeding. The same statute, however, on page 45, contains Section 70 (Revised Statutes, 1536-232), a part of which I will read—

"The council of cities and villages may provide by ordinance for the construction and repair of all necessary sidewalks, or parts thereof, within the limits of the corporation."

And then follow provisions as to the manner in which the construction of a sidewalk may be provided for; an opportunity given the owner of abutting lots or property to construct for

themselves, and in default thereof, providing for the construction by the municipality, and the imposing of the costs upon the abutting property owners.

After as critical examination as we have been able to give to these various sections, we are of the view that an alternative procedure was given to municipalities for the construction of sidewalks; that they were not held to the somewhat costly and slow process provided for general improvements under Section 50 et seq., but that they might proceed in the summary manner provided by Section 70 and sections immediately following it.

We are of the opinion also that the proceedings so required have been in this case substantially carried out. It appears that before the adoption of this new code a general ordinance for the construction of sidewalks had been enacted. No special ordinance was passed for the construction of this particular sidewalk, and our judgment is that one was not required.

It is asserted in this petition that no opportunity was given to the owner to build the sidewalk, because it was not pointed out to her what should be the grade upon which the sidewalk should be established; that no specifications were furnished her and no opportunity given her to determine just how the sidewalk should be constructed. Our judgment is, that if she complied with the notice given to her and in accordance with all the light given her by the resolution ordering the improvement, the city could not complain if it were in default in any way in not providing her with specifications for the improvement.

This sidewalk was constructed of brick, five feet wide, not along her entire frontage, but along part of it; but even if the entire cost of construction of the walk along her entire frontage had been placed upon her property we see nothing in this statute which would inhibit such action of the municipality. The statute in this alternative procedure makes no condition that the lands or lots abutting upon the improvement shall be benefited thereby. It seems to be the contemplation of the Legislature that the mere fact that the lots or lands abut upon the sidewalk shall be sufficient evidence of benefit to justify the imposition of the cost upon the property. At any rate, there is

no requirement in this part of the statute that the council shall ascertain in any way that the land is benefited, but the statute is express that the council may assess the costs of the improvement upon the abutting lot or lots or lands.

It may be that a court of equity, if there was an oppressive use of the power given to the municipality, might by injunction stop the exercise of such power. It may be that a court might have jurisdiction to prohibit a gross abuse of that discretion which is lodged in the legislative power of the muncipality. But nothing of that kind appears here. It is urged that this sidewalk was constructed in front of property known as farm land, and that the sidewalk was constructed in such a way that it was of no special benefit to the land along which it lay by reason of its being so constructed that the water would not flow away from it; but it appears that the council assessed not much more than one-half of the cost of the sidewalk upon this abutting land. The land abutted on a street running north and south, and a large part of the walk, nearly but probably not quite half, in front of the plaintiff's property, was constructed on the opposite side of the street; these two walks were connected by a crossing, so that a person could have a continuous sidewalk by using both sides of the street. There is not expressed in this part of the statute any limitation as to the percentage of the assessed valuation of plaintiff's property which may be charged with the cost of this kind of an improvement. But even if the limitation in earlier sections applies, and even if she could be charged with only thirty-three and a third per cent. of the entire valuation of her property for taxation, still there can be no complaint in this case. The amended petition alleges the value of the property as assessed for taxation at twelve hundred and ninety dollars; the amount of the costs here assessed was only $182.32, or with penalty added $204.12, considerable less than thirty-three and a third per cent. of the value of the land as appraised for general tax purposes.

The statute subsequently passed in 1904, amendatory of many of these sections, does not greatly aid the present inquiry. The sidewalk under consideration was constructed in 1903 and while

the statute of 1902 was in force as originally passed.   There
are some provisions in the statute of 1904 which may, however,
throw some light upon the construction placed on that of 1902
by the Legislature passing the later act; but we think that so far
as this question is concerned it does not disturb the view which
we have taken.   On the contrary, it rather reinforces and
strengthens our conviction as to the proper construction to be
given to the municipal code of 1902 (96 O. L., 20).

. Under the new act, in Section 73 as amended by 97 O. L.,
124 (Revised Statutes, 1536-235), it is provided that "no other
or further proceedings for the construction or repair of side-
walks, curbing or gutters, and levying assessments therefor shall
be necessary by the department of public service, or council, than
the proceedings required under this and the two preceding sec-
tions"—which would be Sections 71 and 72 (Revised Statutes,
1536-233; 1536-234).   Our judgment is that this was inserted
in the amending section rather for the purpose of relieving
any doubts as to the construction of the original Section 73,
than for the purpose of changing or modifying the law in re-
spect to which attention has been called.

In the code of 1902, Section 71 provides for a notice to the
owners of the abutting property; Section 72 provides for the
notice to non-residents or persons not found, and then Section
73 provides that on failure of the owner to construct a walk, the
same may be done at his expense, without any qualification as
to the benefit it may be, and without any qualification as to the
amount that may be assessed.   The provision is that the cost of
the walk may be assessed.  Whether the limitation as to amount
of assessment found in other sections applies, we do not find it
necessary to decide.   In the latter part of Section 73 it is pro-
vided that the "expense shall be assessed on all property
bounding or abutting thereon, and shall be collected in the
same manner, with a penalty of five per centum and interest
after failure to pay at the time fixed by assessing ordinance as
in other cases of improvement."

Now, as to general improvements provided for by Sections
50, 51, 52 and 53, etc., there was a provision for the manner in

which the costs of the same should be paid. Section 51 treated of the method in which the assessment could be paid and of the issue of bonds in anticipation of such payment, and provided that "the county auditor should annually place upon the tax duplicate the penalty and interest."

Now, the very fact that in this provision as to the cost of a sidewalk constructed under a resolution, where the whole cost is placed upon the property, no provision is made that that cost shall be assessed in the same manner as other costs, leads to the inference that the understanding of the Legislature was that this enactment was a proceeding independent of the other; otherwise it would not have been necessary to make this provision as to the certifying and collecting of the assessment for the costs of improving a sidewalk under Sections 71, 72 and 73.

Our view of the whole matter is that the plaintiff, upon whom the burden rested to show irregularities and defects in the proceedings for the construction of this sidewalk and the imposition of the costs, has not sustained that burden by the evidence; that the theory which has been the basis of this action, is not tenable; that the council did not proceed under Section 50 and those immediately succeeding, but under the other sections to which reference has been made. We do not adopt the contention that it is incumbent here for the defense to show all their procedure for the construction of this sidewalk and the assessing of these costs; the burden, in our judgment, does not rest upon the municipality, but that whatever defects are claimed by the plaintiff should be pointed out and proven to the court under the denials made in the answer of the defendant.

Our conclusion is that the injunction asked for should be refused, that the petition of the plaintiff should be dismissed, and judgment rendered against the plaintiff for the costs.

*Taylor & Jones,* for plaintiff.

*Baldwin & Harrington,* for defendant.